690 N.W.2d 703 (2005)
471 Mich. 961
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Troy Anthony BARLOW, Defendant-Appellant.
Docket No. 124965. COA No. 239038.
Supreme Court of Michigan.
January 21, 2005.
On October 6, 2004, the Court heard oral argument on the application for leave to *704 appeal the September 11, 2003 judgment of the Court of Appeals. On order of the Court, the application for leave to appeal is again considered, and it is DENIED because we are not persuaded that the question presented should be reviewed by this Court.
MICHAEL F. CAVANAGH, J., dissents and states as follows:
To violate the statute at issue, one must not only coerce the victim, but he must coerce her "by threatening to use force or violence on the victim...." MCL 750.520e(1)(b)(ii). That simply did not occur in this case.
Neither proof of the victim's lack of consent nor proof of the victim's subjective, unverbalized fear will satisfy the elements of MCL 750.520e(1)(b)(ii). See People v. Carlson, 466 Mich. 130, 139-141, 644 N.W.2d 704 (2002). In Carlson, two high-school students parked their car in a parking lot and began touching each other. The male asked the female to engage in sexual intercourse, and she repeatedly told him no. Ignoring her protest, he penetrated her. This Court rejected the argument that the act of penetration itself was force or coercion within the meaning of the statute. It likewise rejected the idea that showing that a defendant overcame the victim was force or coercion. This Court held that "the prohibited `force' encompasses the use of force against a victim to either induce the victim to submit to sexual penetration or to seize control of the victim in a manner to facilitate the accomplishment of sexual penetration without regard to the victim's wishes." Id. at 140, 644 N.W.2d 704. It must be force that allows the defendant to accomplish the sexual act "when absent that force the penetration would not have occurred." Id.
Here, there was no evidence that defendant in this case used force in this manner. He touched the victim's breasts with nothing more. He told the victim to take off her clothes with nothing more. He made no threats "to use force or violence on the victim...." MCL 750.520e(1)(b)(ii). To allow this conviction to stand would be to fundamentally alter, i.e., obliterate, the requirement that a defendant must threaten to use force or violence on the victim. The courts below erred, and defendant's conviction should be reversed. Alternatively, I would grant leave and take further briefing and oral argument from the parties.
MARKMAN, J., concurs with the statement of MICHAEL F. CAVANAGH, J.